IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INSTITUTE OF COMPUTER ASSISTED SURGERY, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>MED-SURGICAL SERVICES, INC.,<br><br>             Defendant.                    / | No. 10-02042 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Docket No. 12) |

   On May 12, 2010, Plaintiff California Institute of Computer Assisted Surgery, Inc. filed a complaint alleging infringement of four patents by Defendant Med-Surgical Services, Inc.  On June 17, 2010, Defendant filed a motion to dismiss.  On July 22, 2010, Plaintiff filed an opposition.  Having considered all the papers filed by the parties, the Court GRANTS Defendant's motion to dismiss.

                        LEGAL STANDARD

   A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).  Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  Id. at 1950.

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).

## DISCUSSION

Defendant moves to dismiss on the grounds that, except for conclusory allegations, Plaintiff fails to identify any device that embodies the patent or any activity that can be described as infringement.

Title 35 U.S.C. § 271 defines patent infringement as the making, using, offering to sell, or selling without authority of any patented invention within the United States or the importation to the United States of any patented invention.  Actively inducing infringement of a patent is actionable under 35 U.S.C. § 271 (b).

2

Importing, offering to sell or selling a component of a patented device or a material or apparatus used in a patented process that constitutes a material part of the invention is actionable as contributory infringement. 35 U.S.C. § 271(c).

Plaintiff alleges that it owns four patents, the '239 patent, the '130 patent, the '758 patent and the '794 patent, which are used to perform endoscopies and in "volumetric image navigation." Pl.'s Compl. 2-3. For each of its four patents, Plaintiff alleges that, in violation of 35 U.S.C. § 271, Defendant

> has and continues to directly infringe, contributorily infringe, and/or induce the infringement of [the patents] by making, using, offering to sell, licensing, and/or selling products, systems, and/or processes that are covered by the claims of the inventions contained in [the patents]. Specifically, Med-Surgical's use of CBYON Systems infringes on one or more of the claims of [the patent].

Pl.'s Compl. at 3-5. Plaintiff seeks injunctive relief, costs, compensatory and special damages, as well as treble damages and fees.

Plaintiff's complaint merely reiterates the bare elements of patent infringement. It fails to allege with any specificity what CBYON systems is and how it infringes upon any of its four patents. Because it fails to provide the factual grounds on which its infringement claims rest, it does not state a legally cognizable claim. Defendant's motion to dismiss is, therefore, granted.

Citing <u>Devices for Med., Inc. v. Boehl</u>, 822 F.2d 1062, 1063 (Fed. Cir. 1987), Defendant argues in its reply that Plaintiff's claims should be dismissed with prejudice because "[P]lantiff failed to provide the requisite statement regarding notice prior to filing suit," and thus damages are unavailable. Def.'s Reply at 7.

3

Defendant also relies on Form 18 of the Federal Rules of Civil Procedure (stating, in relevant part, "plaintiff has complied with the statutory requirement . . . and has given the defendant written notice of the infringement") and McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007) (noting that the sample complaint provided in Federal Rules of Civil Procedure Form 18 is sufficient to state a claim for patent infringement).

The court in McZeal noted that "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend" and did not, contrary to Defendant's argument, require notice separate from filing the complaint. Id. at 1357. Although Defendant relies on the elements provided in Form 18, the forms in the appendix to the Federal Rules of Civil Procedure merely "illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. In other words, the forms do not provide the elements of the substantive law. Title 35 U.S.C. § 287 limits liability for patent infringement by requiring a patentee to give notice to the public of the patent by marking the patented product with the word "patent" along with the patent number. Boehl, 822 F.2d at 1063; see also SRI Int'l, Inc. v. Advanced Tech. Labs., Inc., 127 F.3d 1462, 1470 (Fed. Cir. 1997). If the patented product is not labeled as such, damages are recoverable for infringement only for the period after the infringer has received notice of the patent and continues to infringe. 35 U.S.C. § 287(a). The filing of an action for infringement constitutes such notice. Id.

Although Plaintiff's complaint is lacking in specificity, it

4

provides Defendant with notice of Plaintiff's patents and of the risk of liability for infringement.  Even if Plaintiff did not provide Defendant with notice prior to filing the complaint, damages are available from the date the complaint was served on Defendant.  Defendant's claim that Plaintiff's complaint should be dismissed with prejudice because lack of notice prior to serving the complaint precludes an award of damages, therefore, is without merit.

## CONCLUSION

Because Plaintiff fails to allege with specificity any facts that support the inference that a product of Defendant's infringes the claims protected by the '239, '130, '758 and '794 patents, Defendant's motion to dismiss is GRANTED.  (Docket No. 12). Dismissal, however, is with leave to amend for Plaintiff to remedy this deficiency, if it can truthfully do so.  Plaintiff has twenty-one days from the date of this order to submit an amended complaint.  If Plaintiff does not submit an amended complaint within this time, the complaint will be dismissed.  Defendant may submit a responsive motion twenty-one days thereafter.  Plaintiff has two weeks from the date Defendant's motion is filed to submit an opposition. Defendant's reply is due one week after that.  The hearing and case management conference is set for October 28, 2010 at 2:00 pm.

IT IS SO ORDERED.

Dated: August 3, 2010

CLAUDIA WILKEN
United States District Judge